# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| WESTLAKE PROPERTY HOLDINGS, LLC | Case No. 19-11756 (KBO) |
| Debtor. | |
| In re: | Chapter 7 |
| PIPELINE – WESTLAKE HOSPITAL LLC d/b/a DBA WESTLAKE HOSPITAL | Case No. 19-11757 (KBO) |
| Debtor. | |

**INTERIM ORDER REGARDING DEBTORS' MOTION (I) AUTHORIZING THE TRUSTEE TO CONTINUE OPERATING THE DEBTORS' BUSINESSES PURSUANT TO 11 U.S.C. §§ 363 AND 721 THROUGH AND INCLUDING AUGUST 13, 2019, WITHOUT PREJUDICE TO SUCH FURTHER EXTENSION AS MAY BE REQUESTED BY THE CHAPTER 7 TRUSTEE, (II) AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION EMPLOYEE CLAIMS PURSUANT TO 11 U.S.C. §§ 507 AND 105, (III) AUTHORIZING THE SETOFF OF CERTAIN PREPETITION AND POSTPETITION CLAIMS, AND (IV) SCHEDULING A HEARING TO CONSIDER AN EXTENSION OF THE INTERIM OPERATING PERIOD**

Upon consideration of the motion of above-captioned debtors' (the "Debtors")[1] for an order: (i) authorizing and directing the Chapter 7 trustee for the Debtors' estates (the "Chapter 7 Trustee") to continue operating the Debtors' businesses pursuant to 11 U.S.C. §§ 363 and 721 through and including August 13, 2019, without prejudice to such further extension as may be requested by the Chapter 7 Trustee, (ii) authorizing the Trustee to pay certain prepetition employee claims pursuant 11 11 U.S.C. §§ 105 and 507 (ii) authorizing the setoff of certain prepetition and postpetition claims, and (iv) scheduling a hearing to consider an extension of the interim operating

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

period (the "Motion"); and this Court having found that cause exists to grant the relief set forth herein; and the Court having found that the relief set forth herein is in the best interest of the Debtors, their Estates, their creditors, and other parties in interest, including the patients at the Hospital; it is hereby ORDERED as follows:

1. The Chapter 7 Trustee is authorized and directed to perform the following tasks:

   i. Discharge and/or transfer the current patients in the Hospital to another accepting health care facility [handwritten: → subject to 11 U.S.C § 704(a)(12)];

   ii. Manage all pharmaceutical supplies and hazardous materials at the Hospital;

   iii. Transfer and store the medical records in accordance with applicable law;

   iv. Retain Employees as long as necessary and/or terminate Employees in accordance with the Chapter 7 Trustee's business judgment;

   v. Pay Hospital operating expenses, including, but not limited to, utilities, food, insurance, and payroll, including Prepetition Employee Claims;

   vi. Terminate such utilities as the Chapter 7 Trustee determines are no longer necessary; and

   vii. Secure the Hospital facility.

2. The Chapter 7 Trustee is authorized to make transfers for the payment of employees on account of their prepetition claims for employee wages, deductions, and payroll taxes to the extent such payments do not violate the priority cap in section 507(a)(4) of the Bankruptcy Code pursuant to Sections 105(a) and 507(a)(4) of the Bankruptcy Code, without prejudice to the Chapter 7 trustee's right to seek further relief to seek payment of such other benefits, including

health insurance and paid leave, as otherwise provided to the Employees in the Debtors' ordinary course of business.

3. The Chapter 7 Trustee is authorized and directed to accept and receive, and the Debtors are authorized and directed to pay, on an interim basis, $1,325,000 from West Suburban Hospital, subject to adjustment per an agreement of the Chapter 7 Trustee and West Suburban Hospital; such amount shall reduce the amount owed by West Suburban Hospital to the Debtors, without prejudice to Chapter 7 Trustee on the one hand or West Suburban Hospital, Weiss Hospital or SRC on the other hand, to assert further prepetition or postpetition claims against each other.

4. West Suburban Hospital shall be entitled to an administrative expense claim for such amounts paid beyond the prepetition claim of the Debtors against West Suburban Hospital, with all rights reserved. Such administrative expense claim is subordinate to the fees of the Chapter 7 Trustee, pursuant 11 U.S.C. § 326, and the fees and expenses of his professionals pursuant to 11 U.S.C. §§ 328 and 330.

5. The Chapter 7 Trustee is authorized to take such actions as reasonable and necessary to effectuate the relief herein.

6. Notwithstanding any provision of this Order, the Chapter 7 Trustee is not authorized to operate the Hospital.

7. Nothing in the Motion or this Interim Order, including the Debtors' payment of any claims pursuant to this Interim Order, shall be deemed or construed as an admission as to the validity or priority of any claim by or against the Debtors or their estates, or a waiver of the Debtors' or any other party's right to dispute any claim, or for approval or assumption, or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.

8. The requirements of Bankruptcy Rules 6003(b) and 6004(a) are satisfied by the

3

11097703/5

contents of the Motion or otherwise deemed waived.

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

10. A further hearing for ~~final~~ interim relief and to consider whether to authorize the Chapter 7 Trustee to continue ~~operation of the Debtors' business~~ performing under this Order is scheduled for **August 13, 2019 at 11:00 a.m.**, and objections to such continued operation shall be filed no later than **August 12, 2019 at 12:00 p.m.**

11. The Chapter 7 Trustee shall serve a copy of this Order upon the following parties by first class mail within one (1) business day of entry: (i) counsel for the Debtors' twenty largest unsecured creditors; (iii) VHS Of Illinois, Inc.; (iv) counsel to VHS of Illinois, Inc.; (v) Centers for Medicare and Medicaid Services, Office of the Regional Administrator; (vi) State's Attorney of Cook County; (vii) Illinois Health Facilities and Services Review Board; (viii) Illinois Department of Public Health, Central Office Operations; (ix) National Government Services, Inc.; (x) the Village of Melrose Park, IL; (xi) counsel to the Village of Melrose Park; (xii) the United States Trustee; and (xiii) all parties who have requested notices pursuant to Bankruptcy Rule 2002.

12. This Court shall retain jurisdiction to interpret and enforce the terms of this Order.

Dated: August 6, 2019
Wilmington, Delaware

Hon. Karen B. Owens
United States Bankruptcy Judge

4